BLANCHE, J.,
concurs in the result.

Appendix

The following are pertinent portions of the charge to the jury relative to the inference arising from unexplained possession of recently stolen property (Supp. Transcript, pp. 16-18):
“Under our law a legal presumption is one that relieves him in whose favor it exists from the necessity of any proof; but may nonetheless be destroyed by rebutting evidence; such is the presumption that the defendant intended the natural, probable consequences of his act; that the defendant is innocent; that the defendant is sane and responsible for his actions; that *188 the person in the unexplained possession of property recently stolen is presumed to be the thief; that evidence under the control of a party and not produced by him was not produced because it would not have aided him.
“From the recent possession of stolen things, guilt may be inferred unless there is a reasonable account given as to the property as having been lawfully and not feloniously obtained. This inference or presumption is strengthened or weakened in accordance with the length of the time between the theft and the time of the finding of the property. * * *
“If it has been shown to your entire satisfaction beyond a reasonable doubt that the defendant possessed the thing of value described in the bill of information, either physically or constructively, it must also be shown by the .same degree of proof that the intention of the offender was to deprive another permanently of his property in violation of the theft article. * * *” (Supp. Tr. 16-18)
In addition, the charge exhaustively discussed and emphasized the presumption of the accused’s innocence until each element of the crime is proven beyond a reasonable doubt and the jury’s duty to give the accused the benefit of every reasonable doubt arising out of the evidence or the lack of evidence in the case. Supp. Transcript, pp. 22-23. See also Supp. Tr. 25, emphasizing again the state’s duty to prove essential facts beyond a reasonable doubt.